UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| DAVID E. McCLAIN | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:15-cv-0852 |
| | ] | Judge Trauger |
| C/O FISHER, et al. | ] | |
| Defendants. | ] | |


### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility ("MDCDF") in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against C/O Fisher, a guard at MDCDF; Charton Dethrow, a Unit Manager at that Facility; Michael Corlew, Warden at MDCDF; and the Corrections Corporation of America, the corporate entity charged with the operation of MDCDF; seeking damages.

On June 3, 2015, the plaintiff attempted to use the telephone to call his attorney but was told that the phones had been shut off. The phones were reactivated later that evening. The plaintiff believes that the defendants violated his Sixth Amendment right to counsel because the telephones were not working when he wanted to call his attorney.

This action is being brought against the defendants in their official capacities only. Because the plaintiff in an official

capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Davidson County, the municipal entity responsible for the Detention Facility. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Davidson County or its agent, the Corrections Corporation of America. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Davidson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

To establish the requisite causal link, the plaintiff has to "identify the policy, connect the policy to the county itself and show that the particular injury was incurred because of the execution of that policy". Garner v. Memphis Police Department, 8 F.3d 358, 363-64 (6th Cir.1993).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Davidson County. Consequently, the plaintiff has failed to state a claim

against the defendants acting in their official capacities.

In any event, a plaintiff seeking to establish liability for actions interfering with his access to the courts must show that the defendants' conduct in some way prejudiced the filing or prosecution of a legal matter. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996). The plaintiff has made no such showing.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                          _____
                                                          Aleta A. Trauger
                                                          United States District Judge